UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL SANTOS,            ) | |
| )   | |
| Plaintiff,         ) | Case No.: |
| )   | |
| v.                                              ) | |
| )   | |
| MILKCRAFT WEST HARTFORD LLC, ) | |
| )   | |
| Defendant.       ) | |
| )   | |

# COMPLAINT

Plaintiff Michael Santos brings this case against Defendant Milkcraft West Hartford LLC seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

*Plaintiff*

3. Plaintiff Michael Santos is an adult resident of East Hartford, Connecticut. Plaintiff was employed by Defendant from approximately August 2017 through July 2018.

4. At all relevant times, as employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

1

*Defendant*

5. Defendant Milkcraft West Hartford LLC is a Connecticut limited liability company with its principal place of business in West Hartford, Connecticut. Defendant owns and operates a Milkcraft ice cream store where Plaintiff was employed.

6. At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

7. At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

8. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

9. Defendant issued paychecks to Plaintiff during his employment.

10. Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from him.

11. Defendant did not pay Plaintiff overtime compensation for all hours he worked for Defendant's benefit in excess of 40 hours in a workweek.

**FACTUAL ALLEGATIONS**

12. From approximately August 2017 through approximately May 7, 2018, Plaintiff worked for Defendant as a manager.

13. On approximately May 7, 2018, Defendant stripped Plaintiff of his managerial duties, including supervision of other employees and authority for hiring and firing employees, and demoted him to a floater position.

14. From the beginning of Plaintiff's employment through approximately June 25, 2018, Defendant classified Plaintiff as an exempt employee under the FLSA and paid him on a salary basis.

15. On approximately June 25, 2018, Defendant reclassified Plaintiff as a non-exempt employee and changed his pay basis to hourly.

16. During the period from Defendant's demotion of Plaintiff until his reclassification as a non-exempt employee, Plaintiff regularly worked more than 40 and typically 60 hours per week. Plaintiff did not receive overtime compensation for hours worked over 40 in a workweek.

17. Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages owed to him.

## COUNT I - FAIR LABOR STANDARDS ACT

18. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

19. As set forth above, Defendant's misclassification of Plaintiff as an exempt employee after his demotion and failure to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay owed to him violates the Fair Labor Standards Act, 29 U.S.C. § 207.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C. Attorneys' fees and costs;

D. Pre- and post-interest; and

E. Any other relief to which Plaintiff may be entitled.

Dated: November 2, 2018                                  Respectfully submitted,

*/s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

*Attorney for Plaintiff*