# EXHIBIT A

<u>**SANTOS v. MILKCRAFT WEST HARTFORD, LLC**</u>

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This SETTLEMENT ("Settlement") is made and entered into by and between **Michael Santos** ("Plaintiff"), and **Milkcraft West Hartford, LLC**, its owners, officers, members, managers, directors, principals, employees, agents, and representatives ("Defendant"). Plaintiff and Defendant are collectively referred to herein as the "Parties".

WHEREAS, the Plaintiff filed the instant Complaint against the Defendant, alleging that the Defendant failed to pay him overtime wages in violation of the FLSA and seeking payment of overtime wages and other relief.

WHEREAS, The Defendant has denied the allegations and raised affirmative defenses and a counterclaim, and vigorously contests the claims asserted in this Lawsuit; and

WHEREAS The Plaintiff and Defendant have a bona fide dispute and now wish to resolve their differences, settle any and all disputes between them relating to the Lawsuit, and avoid the uncertainty, expense and burden of continued litigation and trial.

NOW, THEREFORE, the Parties stipulate and agree to the following settlement terms:

**I. Payment**

In consideration of the mutual promises and covenants contained herein, the Defendant agrees to pay the Plaintiff the gross sum of **FIVE THOUSAND ($5,000.00) DOLLARS** (the "Settlement Funds"). Said funds shall be paid within 30 days from the date the settlement is approved by the court.

**II. Release**

a.) **Plaintiff to Defendant**: In consideration of the payment of the Settlement Funds and the promises contained herein, Plaintiff hereby releases and discharges Defendant from any and all manner of actions, causes of action, suits, debts, accounts, promises, warranties, damages, attorneys' fees, claims and demands, liabilities of every kind and character, direct and indirect, known and unknown, of whatever kind or nature, in law or in equity, arising under Parts I and II of Title 31, Chapter 558 of the Connecticut General Statutes titled "Wages", Conn. Gen. Stat. § 31-58 et seq. and Conn. Gen. Stat. § 31-70 of seq.; the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and any other state and federal wage and hour laws that Plaintiff now has, claims to have, may have, or at any time had or claims to have had against Defendant, from the beginning of the world to the date of the judicial approval of this settlement and release, including but not limited to the claims raised in this Lawsuit or claims that could

have been raised in the Lawsuit based on the facts alleged in this Lawsuit. Plaintiff hereby acknowledges that all such claims that he now has, could have or claim to have against the Defendant from the beginning of the world up to the date of the judicial approval of the settlement and release are fully and completely released and discharged.

It is Plaintiff's intention to fully, finally, and forever settle and release all such matters, and all claims related thereto, which now exist, may exist, or heretofore have existed between him and Defendant, whether suspected or unsuspected. In furtherance of such intention, this settlement shall be and remain in effect as a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

Plaintiff further understands that he is giving up any right to become, and promises not to consent to become, a member of any class in a case in which any wage and hours claims are asserted against Defendant that involve events that occurred prior to the date Plaintiff enters into this release. If Plaintiff, without his prior knowledge and consent, is made a member of a class in any such proceeding, he will opt out of the class at the first opportunity afforded to him after learning of his inclusion. In this regard, Plaintiff will execute, without objection or delay, an "opt-out" form presented to him either by the court in which such proceeding is pending or by counsel for any defendant in any such proceeding. If any claim or lawsuit is filed on Plaintiff's behalf by any state or federal Department of Labor against Defendant, Plaintiff agrees that the Settlement Funds shall be considered a set-off against any amount awarded on account of that claim and that the amount awarded shall therewith be reduced by the Settlement Funds.

b.) **Defendant to Plaintiff**:  For good and valuable consideration, the Defendant hereby releases and discharges Plaintiff from any and all manner of actions, causes of action, suits, debts, accounts, promises, warranties, damages, attorneys' fees, claims and demands, liabilities of every kind and character, direct and indirect, known and unknown, of whatever kind or nature, in law or in equity, that Defendant now has, claims to have, may have, or at any time had or claims to have had against Plaintiff, from the beginning of the world to the date of the judicial approval of this settlement and release, including but not limited to the claims asserted by the Defendant in its affirmative defenses and counterclaim in this matter or arising out of the Plaintiff's employment with the Defendant.  The Defendant hereby acknowledges that all such claims that it now has, could have or claim to have against the Plaintiff from the beginning of the world up to the date of the judicial approval of the settlement are fully and completely released and discharged.

**III. Non-disparagement Covenant.**

The Parties agree that they will not publicly disparage the other. "Disparage" shall mean, for purposes of this covenant, to make, without privilege, remarks or statements that are defamatory, critical, and untrue, or to induce others to make such remarks or statements. The intent of this provision is to fully and finally put to rest the relationship between the Parties and to avoid any untrue, disparaging comments being made about each other.

**IV. No Admission of Liability**.

The Parties acknowledge and agree that payment of the Settlement Funds is made as a complete compromise of a bona fide disputed matter and that the payment is not to be construed as an admission of liability on the part of any Party to this Agreement.

**V. Taxes**.

Both parties are responsible for their respective tax liabilities relating to the payments made pursuant to this Agreement, and neither will look to the other for any indemnification of any tax liability.