UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL SANTOS,                       :
                                      :
        Plaintiff,                    :
                                      :
        v.                            :      CASE NO.  3:18cv1814(DFM)
                                      :
MILKCRAFT WEST HARTFORD LLC,          :
                                      :
        Defendant.                    :


ORDER

The plaintiff, Michael Santos, brought this action against
the defendant, Milkcraft West Hartford LLC, pursuant to the Fair
Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. alleging
that he was not paid overtime wages.  The parties reached a
settlement agreement.  Now pending before the court is the parties'
joint motion for approval of their settlement agreement and
dismissal of claims with prejudice.  (Doc. #27.)  For the reasons
that follow, the motion is granted.

I.   Background

In November 2018, the plaintiff commenced this litigation
against the defendant, his former employer, alleging that the
defendant failed to pay him overtime wages in violation of FLSA.
The defendant filed an answer with affirmative defenses and
counterclaims alleging civil theft and unjust enrichment.  (Doc.
#15.)  On April 17, 2019, I held a settlement conference.  The
case did not resolve during that session but a few days later, on

April 23, 2019, counsel informed the court they had reached a settlement.  In response, the court administratively closed the case and ordered the parties to "submit the settlement for court approval within 30 days, at which time the Clerk will re-open the case." (Doc. #24.)   Thereafter, on April 29, 2019, the parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) and the case was transferred to me. (Doc. #25.) On May 24, 2019, the parties filed the instant joint motion with the proposed settlement agreement.  (Doc. #27.)

## II. Discussion

"[A] settlement in a FLSA case must be approved by a court or the Department of Labor." Lemoine v. Liv Unltd, LLC, No. 18 CIV. 8804 (PAC), 2019 WL 2076264, at *1 (S.D.N.Y. Apr. 24, 2019).

> Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect. Requiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."

Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). "The court therefore must review a proposed settlement and determine whether it is fair in light of the particular circumstances of the case and in light of the remedial purposes of the FLSA." Wang v. Yangtze LLC, 3:18CV571(SALM)(D. Conn. Mar. 28, 2019). In determining whether the proposed settlement is fair and reasonable, the court considers the totality of circumstances, including but not limited to:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)(internal quotation marks and citations omitted).

Pursuant to the settlement agreement, the parties release their claims against one other and the defendant pays the plaintiff $5000, of which $3000 is allocated to plaintiff's counsel as attorney's fees and costs.

Having assisted the parties in mediating this dispute, the court is well-equipped to evaluate the fairness of the proposed settlement. Applying the Wolinsky factors, I find:

(1) The proposed settlement amount is reasonable in light of the plaintiff's range of possible recovery. See doc. #27 at 3.

(2)   The agreement was reached early in the case before the close of discovery.  No dispositive motions had been filed, enabling the parties to avoid substantial expense in pursing their claims and defenses.

(3)   There were significant factual disputes that presented substantial litigation risks, including whether the plaintiff was relieved of his managerial responsibilities and whether he was liable for civil theft.

(4)   The settlement agreement is the product of arm's-length bargaining between parties represented by experienced counsel.

(5)   There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky, 900 F. Supp. 2d at 336 (internal quotation marks and citations omitted).  "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." Id.  "In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." Id.  Here, the plaintiff seeks attorney's fees and costs of $3000. In support, plaintiff's counsel provided affidavits and contemporaneous time records substantiating their work on this

case as well as information related to counsel's experience and hourly billing rates.  Attorney Givens expended 7.5 hours at a rate of $375 and Attorney Lemberg expended 12.4 hours at a rate of $425 for a total of 19.9 hours and $8082.50 in fees.  In addition, plaintiff's counsel expended $528 in litigation costs.

Although the requested fees exceed the amount of the plaintiff's recovery, "the clear thrust of case law in this Circuit rejects the need for an FLSA attorney's award of fees to be proportional to the success achieved for the client." Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 10 (S.D.N.Y. 2015).  Here, the requested fees are substantially less than the lodestar.  I find that the requested fees are reasonable in light of the work plaintiff's counsel performed, including the identification, investigation and litigation of the plaintiff's claim, conduct of discovery, and negotiation of the settlement.

III. Conclusion

For these reasons, the "Joint Motion for Approval of Settlement and Dismissal of Claims with Prejudice" (doc. #27) is granted.  The action is dismissed with prejudice.

SO ORDERED this 11th day of June 2019 at Hartford, Connecticut.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge